**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ERIC POOLE | : |
|     Plaintiff | : |
| v | :  Civil Action No. WDQ-06-1405 |
| MARY ANN SAAR, *et al.* | : |
|     Defendants | : |

o0o

## MEMORANDUM

Pending in the above-captioned civil rights case is Defendants' Motion to Dismiss or for Summary Judgment. Papers No. 13 and 22. Plaintiff has opposed the motion filed by the medical Defendants, but has not opposed the motion filed by the correctional Defendants. Paper No. 16. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004).

### Background

Plaintiff alleges that he suffers from advanced stages of avascular necrosis of the right femoral head and requires surgery. Paper No. 1 at p. 4. He claims that he filed administrative remedy complaints regarding the medical provider's refusal to perform the surgery necessitated by his condition, but his complaints were denied. *Id.*

Defendants Getachew, Tesfaye, Mulleta, and Correctional Medical Services, Inc. (hereinafter "medical Defendants"), explain in their Motion to Dismiss or for Summary Judgment that Plaintiff's avascular necrosis of his right hip is a condition where there is a temporary or permanent loss of blood supply to a bone causing the bone tissue to die and collapse. Paper No. 13 at p. 7. In Plaintiff's case, the condition has caused his right leg to be shorter than his left. They assert that Plaintiff was examined by Dr. Panox on October 28, 2004,

for purposes of determining whether a hip replacement was necessary. *Id*. at Ex. A. Dr. Panox opined that Plaintiff was too young to have the surgery, his incarceration would heighten the likelihood of infection, and he had unrealistic expectations about the results of the surgery. *Id*. Plaintiff was provided with crutches between January and July, 2005. *Id*. In addition, the medical Defendants assert that Plaintiff was provided with orthopedic shoe inserts, Indocin, extra strength Tylenol and a cane to alleviate the pain caused by his condition. *Id*. Plaintiff requested new orthopedic shoe inserts because the old ones were causing him pain, but he was informed that the podiatrist was not permitted to make new shoe inserts for inmates. *Id*. Plaintiff's need for hip replacement surgery was re-evaluated by physicians at the University of Maryland Medical System on July 21, 2006. *Id*. At that time, the orthopedic surgeon examining Plaintiff determined that hip replacement surgery was necessary because he had not responded to conservative treatment. *Id*.

      Plaintiff asserts that the conservative treatment provided was grossly inappropriate for his condition because it had advanced to the end stages of the disease. Paper No. 16. He claims the medical Defendants' refusal to provide him with surgery, despite two recommendations of an outside physician who reviewed Plaintiff's records, required him to suffer a great deal of pain needlessly. *Id*. at Ex. 1.

      Defendants Mary Ann Saar, Frank C. Sizer, Jr., and James Smith (hereinafter "correctional Defendants"), assert that their only role in Plaintiff's medical care was to make inquiries of the medical care contractor to insure that his complaints were being addressed. Paper No. 22. They claim they must defer to the expertise of medical care personnel in matters such as Plaintiff's case. *Id*. To the extent that they were assured Plaintiff was receiving some

type of medical care, correctional Defendants were satisfied that the care provided was constitutionally adequate. *Id*.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950).  The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the Court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

3

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### Analysis

In order to state an Eighth Amendment constitutional claim for denial of medical care, Plaintiff must demonstrate that Defendants' acts (or failures to act) amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In essence, the treatment rendered must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." *Miltier*, 896 F.2d at 851. Reckless disregard occurs when a defendant "knows of and disregard an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U. S. 825, 837 (1994). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Furthermore, mere negligence or malpractice does not rise to a constitutional level. *See Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975); *Donlan v. Smith*, 662 F. Supp. 352, 361 (D. Md. 1986).

"'[B]ecause society does not expect that prisoners will have unqualified access to health care,' the objective component of an Eighth Amendment claim based on deprivation of medical attention is satisfied only if the medical need of the prisoner is 'serious'". *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (quoting *Hudson v. McMillian*, 503 U. S. 1, 9 (1992)). "[A]n injury or condition is 'serious' only if it is 'life threatening or poses a risk of needless pain or lingering disability if not treated at once.'". *Anderson-El v. O'Keefe*, 897 F. Supp. 1093, 1096 (N.D. Ill. 1995) (quoting *Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991)). In determining whether an alleged deprivation of medical care amounts to a constitutional violation, courts must consider the severity of the medical problem, the potential for harm if medical care was denied or delayed, and whether such harm actually resulted from the lack of medical attention. *See Burns v. Head Jailor of LaSalle County*, 576 F. Supp. 618, 620 (D.N. Ill. 1984) (citation omitted).

Plaintiff has presented evidence[1] that avascular necrosis is a degenerative disease that does not improve. Paper No. 16 at Ex. 1. At the time he was deemed too young to have hip

---

[1] The medical Defendants assert that Plaintiff's Response in Opposition should not be considered because it was not filed in a timely fashion. Paper No.17. The Court notes, however, that Plaintiff's Motion for Extension of Time was granted, *nunc pro tunc*. Paper No. 19. Accordingly, the Response is properly considered.

replacement surgery, he was 35 years old.  *Id*.  Hip replacement surgery, however, was not the only surgical option available for effective treatment[2] of end stage avascular necrosis.  *Id*.  There is no evidence the medical Defendants considered the other surgical options available.  Plaintiff has also presented evidence that a medical opinion that his condition required surgical intervention was provided to medical Defendants on two occasions but it was ignored. *Id*.  Finally it is undisputed that the condition from which Plaintiff suffers is painful and serious.  The medical Defendants allege in reply that the care provided to Plaintiff was constitutionally adequate and point out that upon determining that he had not responded to conservative treatment, surgery was recommended.  Paper No. 17.  They assert that Plaintiff was scheduled to receive hip replacement in January, 2007.  *Id*.

With respect to Plaintiff's claims against the medical Defendants, there exists genuine disputes of material fact foreclosing summary judgment.  At issue is whether the conservative treatment utilized by medical staff constitutes deliberate indifference to a serious, painful medical condition due to the delay between the date of Plaintiff's initial complaint of pain and the referral for a surgical consultation.  Also at issue is Defendants' involvement, if any, in the delay in providing Plaintiff with the approved surgery.[3]   The Court notes that as of January 29, 2007, Plaintiff has not yet received the surgery that was recommended in July, 2006, and was

---

[2] According to the affidavit of Dr. David C. Donovan there are three surgical options: core decompression (removing the inner layer of the bone which increases blood supply); osteotomy (reshaping the bone to decrease stress); and total joint replacement.  Paper No. 16 at Ex. 1, p. 3.

[3] The medical Defendants assert that they are not responsible for the delay in scheduling the surgery; rather, the delays have been caused by scheduling conflicts with surgeons at the University of Maryland Medical Systems.  Paper No. 17.  The Court notes that the assurances made that Plaintiff will receive hip replacement surgery is contradicted by the medical Defendants status report indicating that the decision to provide Plaintiff with surgery will be revisited.

merely scheduled for an appointment to determine if the surgery would take place. *See* Paper No. 23. Accordingly, Plaintiff's request for injunctive relief is not moot and the medical Defendants shall be required to show cause why the recommended surgery has not yet been performed.

With respect to Plaintiff's claims against the correctional Defendants, the Motion to Dismiss or for Summary Judgment is unopposed. The assertion that correctional Defendants are entitled to avail themselves of a qualified immunity defense is not disputed by Plaintiff. Indeed, the evidence presented to the Court establishes that correctional Defendants relied upon the medical decisions made by medical staff and cannot be held liable for the alleged failure to provided adequate medical care. When considering whether defendants are entitled to avail themselves of a qualified immunity defense, the Court must consider whether, at the time of the claimed violation, this right was clearly established and "whether a reasonable person in the official's position would have known that his conduct would violate that right." *Rish v. Johnson*, 131 F. 3d 1092, 1095 (4th Cir. 1997) citation omitted. "In particular, . . . qualified immunity protects law officers from 'bad guesses in gray areas' and it ensures that they may be held personally liable only 'for transgressing bright lines.'" *Gomez v. Atkins*, 296 F. 3d 253, 261 (4th Cir. 2002), quoting *Maciariello v. Sumner*, 973 F. 2d 295, 298 (4th Cir. 1992). In light of the conservative treatment provided to Plaintiff, the Court concludes that the correctional Defendants, who presumably have no medical knowledge, are entitled to qualified immunity in this case.

## Conclusion

There are genuine disputes of material fact regarding the competency of the medical care

provided by medical Defendants and whether the refusal to provide Plaintiff with surgery has caused him to suffer pain needlessly.  Accordingly, the medical Defendants' Motion to Dismiss or for Summary Judgment shall be denied.  In addition, the medical Defendants shall be required to show cause why Plaintiff has not yet been provided with surgery deemed medically necessary approximately eight months ago.

With respect to claims raised against the correctional Defendants, the Court concludes they are entitled to qualified immunity.  Their Motion for Summary Judgment shall be granted.

A separate Order follows.


March 8, 2007                                              /s/
Date                                                    William D. Quarles, Jr.
                                                        United States District Judge